NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERNEST JEROME WILSON, | : | |
| | : | |
| Petitioner, | : | Civil No. 14-1071 (JBS) |
| | : | |
| v. | : | |
| | : | |
| J.T. SHARTLE, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Ernest Jerome Wilson, *Pro Se*
#79132-083
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE**, Chief Judge

Petitioner, Ernest Jerome Wilson, is a federal prisoner currently incarcerated at the Federal Correctional Institution, Fairton, New Jersey. He is proceeding *pro se* with this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

On February 26, 2014, this Court administratively terminated this case as Petitioner had neither paid the $5.00 filing fee nor submitted an application to proceed *in forma pauperis* ("IFP"). Subsequently, Petitioner paid the filing fee and this matter was

reopened. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

**BACKGROUND**

On March 8, 2012, Petitioner was sentenced to a term of 190 months imprisonment, to be followed by five years of supervised release, after pleading guilty to Felon in Possession of a Firearm in the United States District Court, Eastern District of Virginia. (Petition, p. 3).[1] While Petitioner did not appeal his sentence or file any post-conviction motions prior to the filing of this petition, he has since done so. On May 12, 2014, Petitioner filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255 in the sentencing court, which remains pending. *See United States v. Wilson*, 11-cr-150 (HCM) (E.D. Va. 2014)(Docket Item 32).

In this habeas petition, Petitioner argues that he is "actually innocent" of being an "armed career offender" because his conviction included only a "miniscule amount of marijuana," and no money exchanged hands. (Pet., p. 4). He cites *Moncrieffe v. Holder* for the proposition that his is "actually innocent." -- U.S. --, 133 S. Ct. 1678 (2013). Petitioner also raises this issue in his pending § 2255

---

[1]   The Court takes judicial notice of the proceedings in petitioner's prior criminal and subsequent federal habeas proceedings. *See McPherson v. United States*, 392 F. App'x 938, 940 n. 1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

petition. *See United States v. Wilson*, 11-cr-150 (HCM) (E.D. Va. 2014)(Docket Item 32, Point 4).


## DISCUSSION

### A. Standard for *Sua Sponte* Dismissal

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.")(internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.")(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

**B.** **The Petition Must Be Dismissed.**

Petitioner is challenging the sentence he received in the Eastern District of Virginia in this § 2241 federal habeas action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (*per curiam*) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the

4

sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Court of Appeals for the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil*, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Here, Petitioner relies on *Moncrieffe v. Holder*, --- U.S. ---, 133 S. Ct. 1678, 186 L.Ed.2d 314 (2013), arguing that sentencing enhancements were unconstitutionally or unlawfully applied to his case. Petitioner's argument fails for the following reasons:

First, Petitioner's claim is currently being litigated in the sentencing court under § 2255, the proper venue for this challenge to his sentence. Petitioner has not demonstrated why § 2255 is "inadequate or ineffective," as his claims remain pending in the Eastern District of Virginia under that statute.

Second, even assuming § 2255 is "inadequate or ineffective," this Court does not have jurisdiction under § 2241 to entertain Petitioner's claim. Petitioner's claim that he was improperly assigned sentencing enhancements does not fall within the *Dorsainvil* "safety valve," as Petitioner claims he is factually innocent of a sentencing enhancement, as opposed to being factually innocent of the crime for which he was convicted. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career

6

offender.") (internal citation omitted), *cert. denied,* --- U.S. -
---, 133 S. Ct. 201, 184 L.Ed.2d 102 (2012); *Selby v. Scism*, 453 F.
App'x 266, 268 (3d Cir. 2011) (*per curiam*) ("Selby does not argue
that he is innocent of the offense for which he was convicted; he
argues that he is "innocent" of a sentencing enhancement because of
an intervening change in law. Accordingly, the exception described
in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*,
No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section
2255 is not inadequate or ineffective for Robinson's challenge to
his sentencing enhancement as a career offender, however, because
he does not contend that, as a result of a Supreme Court decision
issued subsequent to his § 2255 motion, the conduct for which he was
convicted—possession with intent to distribute cocaine, is not
non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL
5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255
does not apply when an inmate challenges the enhancement of his
sentence as Petitioner does here.").

　　　Therefore, Petitioner improperly relies on § 2241 in raising
his sentencing enhancement claim. However, whenever a civil action
is filed in a court that lacks jurisdiction, "the court shall, if
it is in the interests of justice, transfer such action ... to any
other such court in which the action ... could have been brought at
the time it was filed." 28 U.S.C. § 1631. In this case, the Court

does not find it in the interests of justice to transfer this habeas petition to the Court of Appeals for the Fourth Circuit as a request to file a second or successive § 2255 motion, because Petitioner's first § 2255 motion is currently pending in the proper sentencing court.

**CONCLUSION**

For the foregoing reasons, the habeas petition will be dismissed for lack of jurisdiction. An appropriate Order will be entered.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **November 14, 2014**